IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL E. PODHORN, | Civil Action No. 09-2531 (JBS) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| J. GRONDOLSKY, | |
| Respondent. | |

SIMANDLE, District Judge:

This matter comes before the Court upon Petitioner's submission of a § 2241 Petition, which this Court has reviewed. The Court finds as follows:

1.  On May 27, 2009, the Clerk received the Petition. See Docket Entry No. 1.

2.  The Petition consists of two parts. The first part sets forth habeas allegations and appears to assert Petitioner's fears that the Bureau of Prisons ("BOP") might not comply with the order issued on May 14, 2009, by Petitioner's sentencing court, in which the sentencing court reduced Petitioner's period of imprisonment from 87 months to 70 months. See id. at 1. Specifically, Petitioner asserts that, according to his calculations, he already served 69 months and should be released next month. See id.

3.  The second part of the Petition, titled "BOP Torture and Denial of Medical Care" states, in turn, two groups of

allegations.  The first group of allegations seemingly assert that Petitioner should have been released from confinement about half a year ago on the grounds of Petitioner's opinion that he qualifies for executive clemency.  See id. at 3.  The second group of allegations appear to state claims cognizable under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  See id. at 3-5.  The Bivens group of Petitioner's allegations is virtually identical to Petitioner's claims stated in his Bivens complaint received by the Clerk two days after the Clerk's receipt of this Petition, i.e., on May 29, 2009.  See Podhorn v. Grondolsky, 09-2611 (NLH).

    4.   Petitioner's allegations that he should have been released on the grounds of clemency fail to a cognizable claim, since inmates do not have a substantive due process right to clemency.  See Herrera v. Collins, 506 U.S. 390 (1993).

    5.   Petitioner's Bivens allegations cannot be entertained in this habeas matter.  Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action."  Id. As § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an

2

action under <u>Bivens</u> alleging deprivation of a constitutional right.  <u>See</u> <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 801 (3d Cir. 2001) ("A <u>Bivens</u> action . . . is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law").  Since Petitioner's <u>Bivens</u> allegations are currently pending before Judge Hillman in <u>Podhorn v. Grondolsky</u>, 09-2611 (D.N.J.), this Court sees no reason to open a civil rights matter duplicative of <u>Podhorn v. Grondolsky</u>, 09-2611.

     6.    Moreover, at the instant juncture, Plaintiff's habeas allegations that the BOP might not comply with the order of Plaintiff's sentencing judge are wholly speculative.  "[A] speculative possibility that depends on a number of contingencies over which [Petitioner] has no control and the unfolding of events may render the entire controversy academic" cannot be litigated.  <u>Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County</u>, 411 U.S. 345, 351-52 (1973).  This general rule applies with equal force to habeas actions.  <u>See</u> 28 U.S.C. §2241(c)(3) (where the language of § 2241 is set forth in present rather than in future terms, <u>i.e.</u>, it reads: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is [rather than will be] in custody in violation of the Constitution or the laws or treaties of the United States"); <u>see also</u> <u>Phifer v. Clark</u>, 115 F.3d 496 (7th Cir. 1997) (dismissing

3

the petition where the petitioner's "suggested adverse consequences [are] speculative. Each depends upon possible discretionary actions that may or may not affect future parole decisions").

7. Finally, Petitioner's speculative claims appear to be administratively unexhausted. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634, 43 V.I. 293 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).[1]  Although the Court

---

[1] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal

is mindful of Petitioner's fears and the alleged temporal concerns, the Court sees no reason why Petitioner could not submit at least a BP-8 informal request and, if unsuccessful, a BP-9 administrative remedy request to the Warden, in order to: (a) ensure that his fears are unfounded; or (b) establish the reasons underlying the BOP's calculation of Petitioner's amended sentence (in the event the BOP arrives at a date of release other than that calculated by Petitioner).

    8.   Accordingly, the accompanying Order will be entered dismissing the petition.

**June 12, 2009**                 **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                 U.S. District Judge

---

resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  See 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  See id.  Appeal to the General Counsel is the final administrative appeal.  See id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.